## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>          Plaintiffs,<br><br>                    vs.<br><br>DOES 1 - 7,<br><br>          Defendants. | FILED: AUGUST 21, 2008<br>08CV4761<br>JUDGE KENDALL<br>MAGISTRATE JUDGE DENLOW<br><br>No.:<br><br>BR |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

ATLANTIC RECORDING CORPORATION; ARISTA RECORDS LLC; BMG MUSIC; CAPITOL RECORDS, LLC; ELEKTRA ENTERTAINMENT GROUP INC.; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; WARNER BROS. RECORDS INC.; and ZOMBA RECORDING LLC complain against Does 1 - 7 as follows:

### JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq*.).

2.    This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3.    Venue in this District is proper.  See 28 U.S.C. §§ 1391(b), 1400(a).  Although the true identity of each Defendant is unknown to Plaintiffs at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.  On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by Plaintiffs.  On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one.  In addition, each Defendant contracted with an Internet Service Provider ("ISP") found in this District to provide each Defendant with the access to the Internet which facilitated Defendants' infringing activities.

## PARTIES

4.    Plaintiff Atlantic Recording Corporation is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

5.    Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

6.    Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

7.    Plaintiff Capitol Records, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

8.    Plaintiff Elektra Entertainment Group Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

9.    Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

10.    Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

11.    Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

12.    Plaintiff ZOMBA RECORDING LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

13.    The true names and capacities of Defendants are unknown to Plaintiffs at this time.[1]   Each Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address

---

[1] One of the Defendants in this case contacted Plaintiffs and provided some limited information, including a name and phone number.  However, the information provided to Plaintiffs may not be accurate.  Plaintiffs have no way to verify the accuracy of the information nor do they have sufficient identifying information to serve the

assigned to that Defendant by his or her ISP on the date and time of that Defendant's infringing activity.  See Exhibit A.  Plaintiffs believe that information obtained in discovery will lead to the identification of each Defendant's true name.

14.     Although Plaintiffs do not know the true names of Defendants, each Defendant is alleged to have committed violations of the same law (e.g., copyright law), by committing the same acts (e.g., the downloading and distribution of copyrighted sound recordings owned by Plaintiffs), and by using the same means (e.g., a file-sharing network) that each Defendant accessed via the same ISP.  Accordingly, Plaintiffs' right to relief arises out of the same series of transactions or occurrences, and there are questions of law or fact common to all Defendants such that joinder is warranted and appropriate here.

**COUNT I**
**INFRINGEMENT OF COPYRIGHTS**

15.     Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

16.     Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings").  Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to each Plaintiff as specified on each page of Exhibit A.

complaint on the individual at this time.  Plaintiffs will continue to refer to such individual as a Doe until a subpoena response provides complete identifying information.

17.    Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

18.    Plaintiffs are informed and believe that each Defendant, without the permission or consent of Plaintiffs, has continuously used, and continues to use, an online media distribution system to download and/or distribute to the public certain of the Copyrighted Recordings. Exhibit A identifies on a Defendant-by-Defendant basis (one Defendant per page) the IP address with the date and time of capture and a list of copyrighted recordings that each Defendant has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public. Through his or her continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted Recordings, each Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution.  Each Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive rights under copyright.  (In addition to the sound recordings listed for each Defendant on Exhibit A, Plaintiffs are informed and believe that each Defendant has, without the permission or consent of Plaintiffs, continuously downloaded and/or distributed to the public additional sound recordings owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are ongoing.  Exhibit A includes the currently-known total number of audio files being distributed by each Defendant.)

19.    Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A.  These notices of copyright appeared on published copies of each of the sound recordings identified in

Exhibit A.  These published copies were widely available, and each of the published copies of the sound recordings identified in Exhibit A was accessible by each Defendant.

20.    Plaintiffs are informed and believe that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

21.    As a result of each Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against each Defendant for each infringement by that Defendant of each copyrighted recording.  Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

22.    The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiffs' copyrights, and ordering that each Defendant destroy all copies of copyrighted sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against each Defendant as follows:

1.    For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.,* download) any of Plaintiffs' Recordings or to distribute (*i.e.,* upload) any of Plaintiffs' Recordings, except

6

pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2.    For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3.    For Plaintiffs' costs in this action.

4.    For Plaintiffs' reasonable attorneys' fees incurred herein.

5.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

ATLANTIC RECORDING CORPORATION; ARISTA RECORDS LLC; BMG MUSIC; CAPITOL RECORDS, LLC; ELEKTRA ENTERTAINMENT GROUP INC.; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; WARNER BROS. RECORDS INC.; and ZOMBA RECORDING LLC,

Plaintiffs.

DATED:  August 21, 2008

By: s/ Kristin S. Yoo
        Kristin S. Yoo (ARDC # 6279521)

Kristin S. Yoo (ARDC # 6279521)
Tia C. Ghattas (ARDC # 6269818)
**Cozen O'Connor**
222 South Riverside Plaza, Suite 1500
Chicago, IL 60606
Telephone:  (312) 382-3100
Facsimile:  (312) 382-8910

Attorneys for Plaintiffs

08CV4761
JUDGE KENDALL
MAGISTRATE JUDGE DENLOW

BR

# EXHIBIT A

## **EXHIBIT A DOE LIST**

**Doe # 1**                    **IP Address:** 140.192.171.225 2007-07-24 14:58:35 EDT
                               **Case ID: 136880726**

**Doe # 2**                    **IP Address:** 140.192.176.108 2007-06-11 15:32:48 EDT
                               **Case ID: 132597212**

**Doe # 3**                    **IP Address:** 140.192.183.151 2008-03-13 14:06:37 EDT
                               **Case ID: 162403520**

**Doe # 4**                    **IP Address:** 140.192.183.169 2007-10-24 18:49:26 EDT
                               **Case ID: 145941939**

**Doe # 5**                    **IP Address:** 140.192.185.200 2007-06-08 17:27:39 EDT
                               **Case ID: 132276497**

**Doe # 6**                    **IP Address:** 140.192.202.42 2007-11-01 09:46:03 EDT
                               **Case ID: 146651234**

**Doe # 7**                    **IP Address:** 140.192.76.50 2008-03-31 16:40:30 EDT
                               **Case ID: 164730735**

**EXHIBIT A**

**IP Address:** 140.192.171.225 2007-07-24 14:58:35 EDT            **CASE ID#** 136880726

**P2P Network:** GnutellaUS                                        **Total Audio Files:** 106

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Capitol Records, LLC | Keith Urban | Raining on Sunday | Golden Road | 323-344 |
| Capitol Records, LLC | Keith Urban | Where The Blacktop Ends | Keith Urban | 273-265 |
| BMG Music | Sara Evans | You'll Always Be My Baby | Real Fine Place | 375-983 |
| UMG Recordings, Inc. | Rihanna | We Ride | A Girl Like Me | 387-137 |
| Warner Bros. Records Inc. | Faith Hill | Fireflies | Fireflies | 374-377 |
| UMG Recordings, Inc. | Hinder | Better Than Me | Extreme Behavior | 379-192 |
| BMG Music | Kelly Clarkson | Behind These Hazel Eyes | Breakaway | 352-147 |
| UMG Recordings, Inc. | Lifehouse | You And Me | Lifehouse | 370-643 |
| BMG Music | Brad Paisley | Mud on the Tires | Mud on the Tires | 336-114 |
| BMG Music | Andy Griggs | If Heaven | This I Gotta See | 358-960 |

**EXHIBIT A**

**IP Address:** 140.192.176.108 2007-06-11 15:32:48 EDT          **CASE ID#** 132597212

**P2P Network:** GnutellaUS                                        **Total Audio Files:** 290

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Afroman | Palmdale | The Good Times | 301-429 |
| Capitol Records, LLC | Westside Connection | Gangsta Nation | Gangsta Nation (single) | 349-898 |
| Capitol Records, LLC | Pink Floyd | Mother | The Wall | 14-787 |
| UMG Recordings, Inc. | Audioslave | Be Yourself | Out Of Exile | 373-489 |
| UMG Recordings, Inc. | 50 Cent | Hate It Or Love It | The Massacre | 366-051 |
| SONY BMG MUSIC ENTERTAINMENT | Incubus | Pardon Me | Make Yourself | 278-818 |
| UMG Recordings, Inc. | Counting Crows | A Long December | Recovering The Satellites | 226-415 |
| SONY BMG MUSIC ENTERTAINMENT | Audioslave | Like a Stone | Audioslave | 322-103 |

**EXHIBIT A**

**IP Address:** 140.192.183.151 2008-03-13 14:06:37 EDT            **CASE ID#** 162403520

**P2P Network:** GnutellaUS                                        **Total Audio Files:** 608

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT | Michael Jackson | Billie Jean | Thriller | 41-965 |
| SONY BMG MUSIC ENTERTAINMENT | Celine Dion | I Drove All Night | One Heart | 331-435 |
| SONY BMG MUSIC ENTERTAINMENT | Sade | Kiss Of Life | Love Deluxe | 183-731 |
| BMG Music | Kenny Chesney | You Save Me | The Road and the Radio | 383-449 |
| Elektra Entertainment Group Inc. | Tracy Chapman | Fast Car | Fast Car (single) | 90-386 |
| BMG Music | Kenny Chesney | She's Got It All | I Will Stand | 238-371 |
| SONY BMG MUSIC ENTERTAINMENT | Pete Yorn | Just Another | musicforthemorningafter | 299-827 |
| UMG Recordings, Inc. | The Killers | Change Your Mind | Hot Fuss | 355-962 |
| UMG Recordings, Inc. | Sheryl Crow | Strong Enough | Scenes From The Tuesday Night Music Club | 175-406 |
| Arista Records LLC | Pink | Numb | M!ssundaztood | 326-672 |

**EXHIBIT A**

**IP Address:** 140.192.183.169 2007-10-24 18:49:26 EDT          **CASE ID#** 145941939

**P2P Network:** GnutellaUS                                        **Total Audio Files:** 222

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT | Incubus | Summer Romance (Anti-Gravity Love Song) | SCIENCE | 249-690 |
| UMG Recordings, Inc. | Nelly Furtado | Maneater | Loose | 387-509 |
| SONY BMG MUSIC ENTERTAINMENT | Incubus | Southern Girl | A Crow Left of the Murder | 361-477 |
| UMG Recordings, Inc. | The All-American Rejects | It Ends Tonight | Move Along | 374-412 |
| Zomba Recording LLC | R. Kelly | Burn It Up | TP.3 Reloaded | 375-213 |
| Warner Bros. Records Inc. | Red Hot Chili Peppers | Give It Away | Blood Sugar Sex Magik | 135-276 |
| UMG Recordings, Inc. | Ludacris | Move Bitch | Word of Mouf | 304-605 |
| SONY BMG MUSIC ENTERTAINMENT | Incubus | Blood on the Ground | Morning View | 306-181 |
| Warner Bros. Records Inc. | Red Hot Chili Peppers | Californication | Californication | 174-922 |
| UMG Recordings, Inc. | 50 Cent | In da Club | In Da Club (single) | 323-562 |

**EXHIBIT A**

**IP Address:** 140.192.185.200 2007-06-08 17:27:39 EDT               **CASE ID#** 132276497

**P2P Network:** GnutellaUS                                           **Total Audio Files:** 351

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Gwen Stefani | Luxurious | Love.Angel.Music.Baby. | 364-759 |
| UMG Recordings, Inc. | Black Eyed Peas | My Humps | Monkey Business | 378-166 |
| Capitol Records, LLC | Coldplay | Speed Of Sound | Speed of Sound (single) | 376-817 |
| UMG Recordings, Inc. | Nelly | Over and Over | Suit | 358-551 |
| UMG Recordings, Inc. | Hinder | Lips of an Angel | Extreme Behavior | 379-192 |
| UMG Recordings, Inc. | Godsmack | Awake | Awake | 293-376 |
| SONY BMG MUSIC ENTERTAINMENT | Mandy Moore | Candy | So Real | 276-470 |
| Atlantic Recording Corporation | Twista | So Sexy | Kamikaze | 360-486 |
| SONY BMG MUSIC ENTERTAINMENT | Five for Fighting | 100 Years | 100 Years (single) | 379-570 |

**EXHIBIT A**

**IP Address:** 140.192.202.42 2007-11-01 09:46:03 EDT          **CASE ID#** 146651234

**P2P Network:** GnutellaUS          **Total Audio Files:** 109

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Arista Records LLC | Brad Paisley | Wrapped Around | Part II | 298-930 |
| SONY BMG MUSIC ENTERTAINMENT | Dixie Chicks | Wide Open Spaces | Wide Open Spaces | 252-000 |
| BMG Music | Martina McBride | How Far | Martina | 333-553 |
| SONY BMG MUSIC ENTERTAINMENT | Dixie Chicks | Landslide | Home | 314-722 |
| BMG Music | Martina McBride | Wild Angels | Wild Angels | 215-554 |
| UMG Recordings, Inc. | Black Eyed Peas | Pump It | Monkey Business | 378-166 |
| UMG Recordings, Inc. | Hinder | Lips of an Angel | Extreme Behavior | 379-192 |
| BMG Music | Kenny Chesney | The Good Stuff | No Shoes, No Shirt, No Problem | 308-547 |
| BMG Music | Martina McBride | Valentine | Evolution | 240-332 |

**EXHIBIT A**

**IP Address:** 140.192.76.50 2008-03-31 16:40:30 EDT                    **CASE ID#** 164730735

**P2P Network:** GnutellaUS                    **Total Audio Files:** 1130

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Capitol Records, LLC | Dierks Bentley | Is Anybody Loving You These Days | Dierks Bentley | 361-274 |
| UMG Recordings, Inc. | Bon Jovi | Who Says You Can't Go Home | Have a Nice Day | 382-027 |
| Capitol Records, LLC | Keith Urban | Nobody Drinks Alone | Be Here | 353-271 |
| Warner Bros. Records Inc. | Faith Hill | Mississippi Girl | Mississippi Girl (single) | 374-378 |
| BMG Music | Kenny Chesney | Summertime | The Road and the Radio | 383-449 |
| Warner Bros. Records Inc. | Faith Hill | Piece Of My Heart | Take Me As I Am | 182-853 |
| Elektra Entertainment Group Inc. | Eagles | I Can't Tell You Why | The Long Run | 13-182 |
| UMG Recordings, Inc. | Tom Petty | Here Comes My Girl | Damn The Torpedoes | 14-497 |

08CV4761
JUDGE KENDALL
MAGISTRATE JUDGE DENLOW

BR

# EXHIBIT A

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BMG MUSIC, a New York general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; CAPITOL RECORDS, LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; LAVA RECORDS LLC, a Delaware limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

No.:

Plaintiffs,

vs.

DOES 1 - 7,

Defendants.

## DECLARATION OF CARLOS LINARES IN SUPPORT OF APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

I, Carlos Linares, have personal knowledge of the facts stated below and, under penalty of perjury, hereby declare:

1.     I am an attorney and Vice President, Anti-Piracy Legal Affairs for the Recording Industry Association of America, Inc. ("RIAA"), where I have been employed for over six years. My office is located at 1025 F Street, N.W., 10th Floor, Washington, DC 20004.

I submit this Declaration in support of Plaintiffs' Application for Leave to Take Immediate
Discovery.

2.      As Vice President, Anti-Piracy Legal Affairs, I am responsible for
evaluating and contributing to online strategies for the RIAA and its member record companies
who are Plaintiffs in this action, including oversight of the investigations into online
infringement of copyrighted sound recordings.  As such, this Declaration is based on my
personal knowledge, and if called upon to do so, I would be prepared to testify as to its truth and
accuracy.

### The RIAA's Role in Protecting Its Member Recording Industry Companies From Copyright Infringement

3.      The RIAA is a not-for-profit trade association whose member record
companies create, manufacture, and/or distribute approximately ninety percent of all legitimate
sound recordings produced and sold in the United States.  The RIAA's member record
companies comprise the most vibrant national music industry in the world.  A critical part of the
RIAA's mission is to assist its member companies in protecting their intellectual property in the
United States and in fighting against online and other forms of piracy.  All of the Plaintiffs in this
action are members of the RIAA.

4.      As part of that process, the RIAA, on behalf of its members, retains a
variety of services from outside vendors to assist with its investigation of the unauthorized
reproduction and distribution of copyrighted sound recordings online.

### The Internet and Music Piracy

5.      The Internet is a vast collection of interconnected computers and computer
networks that communicate with each other.  It allows hundreds of millions of people around the

world to communicate freely and easily and to exchange ideas and information, including

academic research, literary works, financial data, music, movies, graphics, and an unending and

ever-changing array of other data. Unfortunately, the Internet also has afforded opportunities for

the wide-scale piracy of copyrighted sound recordings and musical compositions. Once a sound

recording has been transformed into an unsecured digital format, it can be copied further and

distributed an unlimited number of times over the Internet, without significant degradation in

sound quality.

      6.    Much of the unlawful distribution of copyrighted sound recordings over

the Internet occurs via "peer-to-peer" ("P2P") file copying networks or so-called online media

distribution systems. The most notorious example of such a system was Napster, which was

enjoined by a federal court. Notwithstanding the court's decision enjoining Napster, similar

online media distribution systems emerged and attempted to capitalize on the growing illegal

market that Napster fostered. These include KaZaA, eDonkey, iMesh, Ares, BitTorrent,

DirectConnect, and Gnutella, among others. To this day, some P2P networks continue to operate

and to facilitate widespread copyright piracy. At any given moment, millions of people illegally

use online media distribution systems to upload or download copyrighted material.

      7.    P2P networks, at least in their most popular form, refer to computer

systems or processes that enable Internet users to: (1) index files (including audio recordings)

into a share directory on a computer that are then searched for and transferred to other users; (2)

search for files stored on other users' computers; (3) transfer exact copies of files from one

computer to another via the Internet; and (4) allow users to further distribute the files to other

users. P2P networks enable users who otherwise would have no connection with, or knowledge

of, each other to offer to each other for distribution and copying files off of their personal

computers, to provide a sophisticated search mechanism by which users can locate these files for downloading, and to provide a means of effecting downloads.

8.     The major record companies generally have not authorized their copyrighted sound recordings to be copied or distributed in unsecured formats by means of P2P networks. Thus, the vast majority of the content that is copied and distributed on P2P networks is unauthorized by the copyright owner – that is, the distribution violates the copyright laws.

9.     The scope of online piracy of copyrighted works cannot be underestimated. The RIAA member companies lose significant revenues on an annual basis due to the millions of unauthorized downloads and uploads of well-known recordings that are distributed on P2P networks by infringers who, in virtually all cases, have the ability to maintain their anonymity to all but the Internet Service Provider ("ISP") they use to supply them with access to the Internet.

10.     The persons who commit infringements by using the P2P networks are, by and large, anonymous to Plaintiffs. A person who logs on to a P2P network is free to use any alias (or computer name) whatsoever, without revealing his or her true identity to other users. Thus, Plaintiffs can observe the infringement occurring on the Internet, but do not know the true names or mailing addresses of those individuals who are committing the infringement.

### The RIAA's Identification of Copyright Infringers

11.     In order to assist its members in combating copyright piracy, the RIAA retained a third party, MediaSentry, Inc. ("MediaSentry"), to conduct searches of the Internet, as well as file-copying services, for infringing copies of sound recordings whose copyrights are owned by RIAA members. A search can be as simple as logging onto a P2P network and examining files being distributed by others logged onto the network. In gathering evidence of

4

copyright infringement, MediaSentry uses the same functionalities that are built into P2P

programs that any user of the software can use on the network.

          12.    Users of P2P networks who distribute files over a network can be

identified by using Internet Protocol ("IP") addresses because the unique IP address of the

computer offering the files for distribution can be captured by another user during a search or a

file transfer. Users of P2P networks can be identified by their IP addresses because each

computer or network device (such as a router) that connects to a P2P network must have a

unique IP address within the Internet to deliver files from one computer or network device to

another. Two computers cannot effectively function if they are connected to the Internet with the

same IP address at the same time. In some cases, more than one computer can access the internet

over a single IP address by using network address translation, in which cases the computer port

being used provides further identification of the computer engaged in the on-line

communication. This is analogous to the telephone system where each location has a unique

number (and the port acts much like a specific telephone extension off the main switch board).

For example, in a particular home, there may be three or four different telephones, but only one

call can be placed at a time to or from that home. Each computer or network device is connected

to a network that is administered by an organization like a business, ISP, college, or university.

Each network, in turn, is analogous to an area code. The network provider maintains a log of IP

address allocations. An IP address can be associated with an organization such as an ISP,

business, college, or university, and that organization can identify the P2P network user

associated with the specified IP address.

          13.    MediaSentry finds individuals using P2P networks to share music files

over the Internet. Just as any other user on the same P2P networks as these individuals would be

able to do, MediaSentry is able to detect the infringement of copyrighted works and identify the users' IP addresses because the P2P software being used by those individuals has file-sharing features enabled.

       14.    For each suspected infringer, MediaSentry downloads a number of the music files that the individual is offering to other users on the P2P network. Those music files for each such individual are listed in Exhibit A to the Complaint. MediaSentry assigns an identification number to each individual for which it detects copyright infringement and gathers additional evidence for each individual, such as metadata accompanying each file being disseminated that demonstrates that the user is engaged in copyright infringement. That evidence includes download data files that show for each music file the source IP address, user logs that include a complete listing of all files in the individual's share folder at the time, and additional data that track the movement of the files through the Internet.

       15.    After MediaSentry collects the evidence of infringement, the RIAA engages in a painstaking process to verify whether each individual was infringing. That process relies on human review of evidence supporting the allegation of infringement. For each suspected infringer, the RIAA reviews a listing of the music files that the user has offered for download by others from his or her computer in order to determine whether they appear to be copyrighted sound recordings. The RIAA also listens to the downloaded music files from these users in order to confirm that they are, indeed, copies of sound recordings whose copyrights are owned by RIAA members. Exhibit A to the Complaint lists the details of these downloaded music files. In my role as Vice President, Anti-Piracy, I provide oversight over the review of the lists contained in Exhibit A to the Complaint and hereby attest to the veracity of those lists. The RIAA also reviews the other evidence collected by MediaSentry.

### The Subpoena Process to Identify Copyright Infringers

16.    The RIAA frequently has used the subpoena processes of Federal Rule of
Civil Procedure 45 to obtain the names of infringers from ISPs. The RIAA typically has
included in their subpoenas to ISPs an IP address and a date and time on which the RIAA,
through its agent, MediaSentry, observed use of the IP address in connection with allegedly
infringing activity. In some instances, providing the IP address alone to the ISP has been enough
to enable the ISP to identify the infringer. Providing the date and time further assists some ISPs
in identifying infringers, especially ISPs that use "dynamic IP addressing" such that a single
computer may be assigned different IP addresses at different times, including, for example, each
time it logs into the Internet.[1] Some ISPs also ask for the computer port information to further
identify the infringer. Once provided with the IP address, plus the date and time of the infringing
activity, the infringer's ISP can typically identify the computer from which the infringement
occurred (and the name and address of the subscriber that controls that computer), sometimes
within a matter of minutes.

17.    Since 1998, the RIAA and others have used subpoenas thousands of times
to learn the names, addresses, telephone numbers, and e-mail addresses of infringers for the
purpose of bringing legal actions against those infringers.

### The RIAA's Identification of the Infringers in This Case

18.    In the ordinary course of investigating online copyright infringement, the
RIAA became aware that Defendants were distributing files to others on various P2P networks.

---

[1] ISPs own or are assigned certain blocks or ranges of IP addresses. An ISP assigns a
particular IP address in its block or range to a subscriber when that subscriber goes "online."

The user-defined author and title of the files being distributed by each Defendant suggested that many were copyrighted sound recordings being disseminated without the authorization of the copyright owners. The RIAA downloaded and listened to a representative sample of the music files being distributed by each Defendant and was able to confirm that the files each Defendant was distributing were illegal copies of sound recordings whose copyrights are owned by RIAA members. The RIAA also recorded the time and date at which the infringing activity was observed and the IP address assigned to each Defendant at the time. See Complaint Exhibit A. The RIAA could not, however, determine the physical location of the users or their identities. The RIAA could determine that Defendants were all using DePaul University internet service to distribute the copyrighted files.

19.     The RIAA also has collected for each Defendant a list of the files each Defendant was distributing to the public. These lists often show thousands of files, many of which are sound recording (MP3) files that are owned by, or exclusively licensed to, Plaintiffs. Because of the voluminous nature of the lists, and in an effort not to overburden the Court with paper, I have not attached to this Declaration those lists. Such lists will be made available to the Court upon request. Exhibit A to the Complaint includes the username of the infringer if that was available, the identification number assigned by MediaSentry for that Defendant, and the number of audio files that were being shared by Defendant at the time that the RIAA's agent, MediaSentry, observed the infringing activity.

### The Importance of Expedited Discovery in This Case

20.     Obtaining the identity of copyright infringers on an expedited basis is critical to stopping the piracy of the RIAA members' copyrighted works.

21.    First, every day that copyrighted material is disseminated without the authorization of the copyright owner, the copyright owner is economically harmed. Prompt identification of infringers is necessary in order for copyright owners to take quick action to stop unlawful dissemination of their works and minimize their economic losses.

22.    Second, infringement often occurs with respect to sound recordings that have not yet been distributed publicly. Such infringement inflicts great harm on the initial market for new works. New recordings generally earn a significant portion of their revenue when they are first released, and copyright piracy during a recording's pre-release or early release period therefore deprives copyright owners of an important opportunity to reap the benefits of their labor.

23.    Third, without expedited discovery, Plaintiffs have no way of serving Defendants with the complaint and summons in this case. Infringement occurs without name tags so Plaintiffs do not have Defendants' names or addresses, nor do they have an e-mail address for Defendants.

24.    Fourth, computer evidence by its very nature is subject to being overwritten. At times, Plaintiffs have sought evidence from defendants' computers only to find that the evidence of infringement was destroyed (intentionally or unintentionally). Expedited discovery is critical to allow Plaintiffs to put Defendants on notice of the need to preserve the electronic evidence and  avoid the loss of evidence.

25.    Fifth, ISPs have different policies pertaining to the length of time they preserve "logs" which identify their users. ISPs keep log files of their user activities for only limited periods of time – which can range from as short as a few days, to a few months – before erasing or overwriting the data they maintain. If an ISP does not respond expeditiously to a

9

discovery request, the identification information in the ISP's logs may be erased, making it

impossible for the ISP to determine the identity of the infringer and eliminating the copyright

owner's ability to take action to stop the infringement.  The RIAA notifies the ISPs when it has

identified infringement for which it will seek identifying information and requests the ISPs to

preserve the information.  In most cases the ISPs preserve at least some of the information

necessary to identify the infringer, but not always.  Some ISPs have indicated they will preserve

the information for a limited time.

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct.

Executed on _August 18_, 2008 in Washington, D.C.

Carlos Linares

08CV4761
JUDGE KENDALL
MAGISTRATE JUDGE DENLOW

BR

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOTOWN RECORD COMPANY, L.P., a )
California limited partnership; )
INTERSCOPE RECORDS, a California )
general partnership; VIRGIN RECORDS )    No.:  04 C 3019
AMERICA, INC., a California corporation; )
ATLANTIC RECORDING )
CORPORATION, a Delaware corporation; )
BMG MUSIC, a New York general )
partnership; ELEKTRA )
ENTERTAINMENT GROUP INC., a )
Delaware corporation; WARNER BROS. )
RECORDS INC., a Delaware corporation; )
PRIORITY RECORDS LLC, a California )
limited liability company; CAPITOL )
RECORDS, INC., a Delaware corporation; )
ARISTA RECORDS, INC., a Delaware )
corporation; MAVERICK RECORDING )
COMPANY, a California joint venture; )
SONY MUSIC ENTERTAINMENT INC., )
a Delaware corporation; LOUD )
RECORDS, LLC, a Delaware corporation; )
and UMG RECORDINGS, INC., a )
Delaware corporation, )
                                        )
          Plaintiffs,                   )
                                        )
               vs.                      )
                                        )
DOES 1 - 16,                            )
                                        )
          Defendants.                   )

**ORDER GRANTING PLAINTIFFS' _EX PARTE_ MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

Upon the _Ex Parte_ Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on WideOpenWest Holdings LLC to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

IT IS FURTHER ORDERED THAT WideOpenWest shall preserve the data, records and information responsive to the subpoena that will be served by the Plaintiffs.

IT IS FURTHER ORDERED THAT if and when WideOpenWest is served with a subpoena, within five (5) business days thereof it shall notify each Doe Defendant (WideOpenWest subscribers) of the existence of this lawsuit and of receipt of Plaintiffs' subpoena whereby Plaintiffs are seeking to learn the subscribers' identities. After WideOpenWest gives such notice to the Doe Defendants, any Doe Defendant may raise an objection in the form of a motion to quash at the status conference which the Court has scheduled for June 15, 2004, 9:30 a.m. in Courtroom 1858, Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois 60604. WideOpenWest shall include in its notice to the Doe Defendants notice of this status conference.

IT IS FURTHER ORDERED THAT counsel for the Plaintiffs shall provide a copy of this Order to WideOpenWest when the subpoena is served.

Dated: 5/24/04

_____
United States Magistrate Judge Nan R. Nolan

2

DOCKET #

U.S. DISTRICT COURT
WEST DIST. OF WISCONSIN

AUG 2 6 2004

F....
THERESA M. OWENS CLERK

CASE#

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

INTERSCOPE RECORDS, a California general partnership; ARISTA RECORDS, INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; MOTOWN RECORD COMPANY, L.P., a California limited partnership; PRIORITY RECORDS LLC, a California limited liability company; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; and WARNER BROS. RECORDS INC., a Delaware corporation,

Plaintiffs,

v.

DOES 1 - 11,

Defendants.

Case No.

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

## 04 C 0625 S

Copy of this document has been provided to: _Arntsen_

this _26_ day of _aug_, 20 _04_
By _L. Jensen_
                    Deputy Clerk

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on TDS Telecommunications Corporation to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the

name, address, telephone number, e-mail address, and Media Access Control addresses for each

Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in

response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting

Plaintiffs' rights under the Copyright Act.

Dated: _8/26/04_

_____
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## LAFAYETTE DIVISION

| | | |
|---|---|---|
| ARISTA RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and WARNER BROS. RECORDS INC., a Delaware corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No.:  **4:04CV0036AS** |
| Plaintiffs, | )<br>)<br>) | |
| v. | )<br>) | |
| JOHN DOE, | )<br>)<br>) | |
| Defendant. | ) | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

This matter coming before the Court upon Plaintiffs' Motion for Leave to Take Immediate Discovery, and the Court being duly advised, hereby

ORDERS that Plaintiffs may serve immediate discovery on Northwest Indiana Internet Services, Inc. to obtain the identity of the Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify the Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for the Defendant. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _5/24/2004_                    _s/Allen Sharp_____
                                        United States District Judge


Copies to:

James Dimos #11178-49
Joel E. Tragesser #21414-29
LOCKE REYNOLDS LLP
201 North Illinois Street
Suite 1000
P.O. Box 44961
Indianapolis, IN 46244-0961
jdimos@locke.com
jtragesser@locke.com

ENTERED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MAR 2 5 2004

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

INTERSCOPE RECORDS, et al.,    )
    )
    Plaintiffs,    )
    )
    v.    ) CAUSE NO. 1:04-cv-0542 DFH-TAB
    )
JOHN DOES 1 – 5,    )
    )
    Defendants.    )

ORDER AUTHORIZING IMMEDIATE DISCOVERY

In this action for copyright infringement, plaintiffs Interscope Records and several recording companies have moved for court permission to serve Rule 45 subpoenas to discover the identity of five defendants. Plaintiffs have alleged claims of direct copyright infringement by five defendants through use of "Peer to Peer" or "P2P" software over the internet. The defendants are identified by Internet Protocol ("IP") addresses and the dates and times of the alleged infringements. To learn the identities of the defendants, plaintiffs need information from the Internet Service Provider ("ISP") for the defendants. The ISP in this case is Indiana University. Plaintiffs assert that the ISP should be able to identify the five defendants easily using the available information.



Plaintiffs seek an order authorizing immediate discovery because ISPs typically erase or overwrite data in a relatively short time period. In such circumstances, expedited discovery is needed to avoid the loss of information about the identities of the alleged infringers. The court finds that plaintiffs have shown good cause for launching discovery at this time, and there is no identified defendant with whom plaintiffs could conduct a discovery conference. Because it appears that the information plaintiffs seek may be subject to 47 U.S.C. § 551(c)(2), the court will order the subpoenaed ISP to notify its subscribers of the fact that the subpoena has been received so that the subscribers may have an opportunity to assert any rights they might have related to the discovery.

Accordingly, it is hereby ORDERED that plaintiffs may immediately serve discovery requests on Indiana University to obtain the identities of the John Doe defendants by serving a Rule 45 subpoena for information identifying each defendant, including name, address, telephone number, e-mail address, and Media Access Control addresses for each defendant. Within **seven calendar days** after receiving the subpoena, Indiana University shall notify the persons in question of the receipt of the subpoena pursuant to 47 U.S.C. § 551(c)(2), and Indiana University shall not respond to the subpoena **until at least fourteen calendar days** after it has notified the persons in question. Indiana University shall **immediately** take steps to preserve all subpoenaed information.

Plaintiffs may use any information disclosed to them in response to the Rule 45 subpoena solely for the purpose of asserting and protecting plaintiffs' rights under the Copyright Act.

So ordered.

Date: March 25, 2004

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

James Dimos
Joel E. Tragesser
Locke Reynolds LLP
201 North Illinois Street
Suite 1000
P.O. Box 44961
Indianapolis, Indiana 46244-0961

jdimos@locke.com
jtragesser@locke.com

-3-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LOUD RECORDS, LLC, a Delaware corporation;
WARNER BROS. RECORDS INC., a Delaware corporation;
VIRGIN RECORDS AMERICA, INC., a California corporation;
BMG MUSIC, a New York general partnership;
ARISTA RECORDS, INC., a Delaware corporation;
ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation;
SONY MUSIC ENTERTAINMENT INC., a Delaware corporation;
PRIORITY RECORDS LLC, a California limited liability company;
UMG RECORDINGS, INC., a Delaware corporation;
ATLANTIC RECORDING CORPORATION, a Delaware corporation; and
CAPITOL RECORDS, INC., a Delaware corporation,

Plaintiffs,

v.

DOES 1 - 4,

Defendants.

Case No.  04-C-289

---

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE
TO TAKE IMMEDIATE DISCOVERY**

---

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the

supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit

thereto, it is hereby ORDERED that Plaintiffs may serve immediate discovery on Marquette

University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that

seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2004.

SO ORDERED,


s/Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge

**E-FILED**
Friday, 04 February, 2005  12:36:27 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| LONDON-SIRE RECORDS INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; BMG MUSIC, a New York general partnership; UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; VIRGIN RECORDS AMERICA, INC., a California corporation; CAPITOL RECORDS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; and ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>                vs.<br><br>DOES 1-4,<br><br>        Defendants. | Case No.:  05-3019 |

**ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

Upon the *Ex Parte* Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Illinois State University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks

information sufficient to identify each Doe Defendant, including the name, address, telephone

number, e-mail address, and Media Access Control addresses for each Defendant.

    IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in

response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting

Plaintiffs' rights under the Copyright Act.

Dated:  __2/2/04__         OK     s/ Byron Cudmore
                                        _____

                                    BYRON CUDMORE
                                    UNITED STATES
                                    MAGISTRATE JUDGE